```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Demetrius A. Brown

    v.                                            Case No. 22-cv-70-SE

Littleton Coin Co.


### REPORT AND RECOMMENDATION

Plaintiff Demetrius A. Brown, appearing pro se, sued the Littleton Coin Co. ("LCC"), alleging that LCC violated his constitutional rights and impermissibly discriminated against him when it refused to sell him a commemorative coin while he was incarcerated. Mr. Brown's complaint (Doc. No. 1) is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1).

### Preliminary Review Standard

The magistrate judge conducts a preliminary review of pleadings, like Mr. Brown's, which are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson

v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

In December 2021, while incarcerated in South Carolina, Mr. Brown ordered a John F. Kennedy commemorative coin from the defendant.  Mr. Brown was responding to a newspaper advertisement offering the Kennedy coin at no charge, as well as a selection of other coins available for purchase.  Fearing that his mail would be tampered with, Mr. Brown completed the order form with his home address, where his wife was then residing.  A few weeks later, LCC informed Mr. Brown by letter that it would not send coins to, or create accounts and accept payments from, individuals in correctional facilities, even if they used an alternate address.

## Discussion

Construing his complaint liberally, Mr. Brown asserts the following claims against LCC: 1) violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a - 2000a-6; 2) violation Title VI of the Civil Rights Act of 1942, 42 U.S.C. §

2000d; 3) claims under 42 U.S.C. § 1983 for violation of his rights under the First and Fourteenth Amendments.

### A. Title II

Title II of the Civil Rights Act provides that "[a]ll persons should be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a); Manning v. Whole Foods Mkt. Grp., Inc., No. 21-CV-10833-ADB, 2022 WL 194999, at *5 (D. Mass. Jan. 21, 2022).

Assuming that LCC is a "public accommodation," Mr. Brown's complaint contains no facts suggestive of discrimination on any prohibited ground.  It should therefore be dismissed.

### B. Title VI

Title VI of the Civil Rights Act of 1964 forbids race, color, and national origin discrimination in federally funded programs or activities.  42 U.S.C. § 2000d.  This claim suffers from at least two legal shortcomings.  First, there is no allegation that LCC received federal funding.  Second, as with Mr. Brown's first claim, the lack of any factual support for a claim of illegal discrimination warrants dismissal of this claim.

### C. Section 1983

The Civil Rights Act, 42 U.S.C. § 1983, "provides a cause of action for state deprivations of federal rights." Nieves v. Bartlett, 139 S. Ct. 1715, 1721 (2019). "To state a claim under that statute, a plaintiff must assert two allegations: (1) that some person deprived her of a federal right, and (2) that such person acted under color of state or territorial law." Grapentine v. Pawtucket Credit Union, 755 F.3d 29, 31 (1st Cir. 2014) (citations and internal quotations omitted). "Significantly, § 1983 does not apply to merely private conduct, no matter how discriminatory or wrongful." Id.

Mr. Brown does not allege any facts demonstrating, or from which it could be reasonably inferred, that LCC is a state actor subject to suit under § 1983. Accordingly, he has failed to state a claim for relief under § 1983, and the district judge should dismiss the § 1983 claim against LCC.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety, for failure to state a claim upon which relief can be granted. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court.

See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 29, 2022

cc: Demetrius A. Brown, pro se